TRACY L WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Chief, International Narcotics, Money
 Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5339
     Facsimile: 213-894-0142
     E-mail: shawn.nelson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:20-CR-00057-FMO-6 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JESUS CHAIDEZ-HERNANDEZ |
| v. | |
| FNU LNU, aka "Manny," et al.,<br>[#6-JESUS CHAIDEZ-HERNANDEZ] | |
| Defendant. | |

     1.   This constitutes the plea agreement between Jesus Chaidez-
Hernandez ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authority.

## DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to count one of the

1   indictment in <u>United States v. FNU LNU, aka "Manny," et al.</u>, No.

2   5:20-CR-00057-FMO, which charges defendant with conspiracy to

3   distribute controlled substances in violation of 21 U.S.C. §§ 846,

4   841(a)(1), (b)(1)(A).

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained

7   in this agreement.

8          d.   Appear for all court appearances, surrender as ordered

9   for service of sentence, obey all conditions of any bond, and obey

10  any other ongoing court order in this matter.

11         e.   Not commit any crime; however, offenses that would be

12  excluded for sentencing purposes under United States Sentencing

13  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

14  within the scope of this agreement.

15         f.   Be truthful at all times with the United States

16  Probation and Pretrial Services Office and the Court.

17         g.   Pay the applicable special assessment at or before the

18  time of sentencing unless defendant has demonstrated a lack of

19  ability to pay such assessment.

20         h.   Agree that all court appearances, including his change

21  of plea hearing and sentencing hearing, may proceed by video-

22  teleconference ("VTC") or telephone, if VTC is not reasonably

23  available, so long as such appearances are authorized by Order of the

24  Chief Judge 20-043 or another order, rule, or statute.  Defendant

25  understands that, under the United States Constitution, the United

26  States Code, and the Federal Rules of Criminal Procedure (including

27  Rules 11, 32, and 43), he may have the right to be physically present

28  at these hearings.  Defendant understands that right and, after

2

consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.  Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

i.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

                                THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss any remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

3

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 35 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

f.   Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

1

## NATURE OF THE OFFENSE

2      4.   Defendant understands that for defendant to be guilty of

3  the crime charged in count one, that is, conspiracy to distribute

4  controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1),

5  (b)(1)(A), the following must be true:

6          First, within the dates specified in the indictment, there
           was an agreement between two or more persons to distribute
7          controlled substances; and

8          Second, defendant joined in the agreement knowing of its
           purpose and intending to help accomplish that purpose.
9
       5.   Defendant understands that for defendant to be subject to
10
   the statutory maximum and statutory minimum sentences set forth
11
   below, the government must prove beyond a reasonable doubt that
12
   defendant conspired to distribute at least fifty grams of
13
   methamphetamine or at least one kilogram of heroin as alleged in
14
   count one of the indictment.  Defendant admits that defendant, in
15
   fact, conspired to distribute at least fifty grams of methamphetamine
16
   and at least one kilogram of heroin, as alleged in count one of the
17
   indictment.
18

## PENALTIES
19
       6.   Defendant understands that the statutory maximum sentence
20
   that the Court can impose for a violation of 21 U.S.C. §§ 846,
21
   841(a)(1), (b)(1)(A), is: life imprisonment; a lifetime period of
22
   supervised release; a fine of $10,000,000 or twice the gross gain or
23
   gross loss resulting from the offense, whichever is greatest; and a
24
   mandatory special assessment of $100.
25
       7.   Defendant understands that, absent a determination by the
26
   Court that defendant's case satisfies the criteria set forth in 18
27
   U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory
28

minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

8.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

1    collateral consequences will not serve as grounds to withdraw

2    defendant's guilty plea.

3         11.  Defendant and his counsel have discussed the fact that, and

4    defendant understands that, if defendant is not a United States

5    citizen, the conviction in this case makes it practically inevitable

6    and a virtual certainty that defendant will be removed or deported

7    from the United States.  Defendant may also be denied United States

8    citizenship and admission to the United States in the future.

9    Defendant understands that while there may be arguments that

10   defendant can raise in immigration proceedings to avoid or delay

11   removal, removal is presumptively mandatory and a virtual certainty

12   in this case.  Defendant further understands that removal and

13   immigration consequences are the subject of a separate proceeding and

14   that no one, including his attorney or the Court, can predict to an

15   absolute certainty the effect of his conviction on his immigration

16   status.  Defendant nevertheless affirms that he wants to plead guilty

17   regardless of any immigration consequences that his plea may entail,

18   even if the consequence is automatic removal from the United States.

19                              FACTUAL BASIS

20        12.  Defendant admits that defendant is, in fact, guilty of the

21   offense to which defendant is agreeing to plead guilty.  Defendant

22   and the USAO agree to the statement of facts provided below and agree

23   that this statement of facts is sufficient to support a plea of

24   guilty to the charge described in this agreement and to establish the

25   Sentencing Guidelines factors set forth in paragraph 14 below but is

26   not meant to be a complete recitation of all facts relevant to the

27   underlying criminal conduct or all facts known to either party that

28   relate to that conduct.

Prior to August 13, 2018, there was an agreement between two or more persons, as described in the Indictment, to import and distribute controlled substances, including methamphetamine and heroin.  On or before August 13, 2018, defendant joined in that agreement knowing of its purpose and intending to help accomplish that purpose.

In furtherance of that conspiracy, defendant undertook various overt acts within the Central District of California and elsewhere, including the following:

On or before August 13, 2018, defendant agreed with co-conspirators as described in the indictment to receive a load of approximately 25 pounds of methamphetamine and two kilograms of heroin for further distribution.

On August 13, 2018, defendant attempted to meet in San Bernardino County with a co-conspirator as described in the indictment in order to receive the shipment of methamphetamine and heroin but aborted that attempt after the co-conspirator detected law enforcement surveillance.

On August 14, 2018, defendant met in San Bernardino County with a con-conspirator as described in the indictment and received 25 pounds of methamphetamine and two kilograms of heroin that were to be further distributed to other co-conspirators for further distribution to customers.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between any applicable mandatory minimum and the maximum set by statute for the crime of conviction.

8

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:           38      [U.S.S.G. § 2D1.1(a)(5),
                                              (c)(1)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15.   Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b.   The offense did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1

## WAIVER OF CONSTITUTIONAL RIGHTS

2    18.   Defendant understands that by pleading guilty, defendant

3 gives up the following rights:

4        a.   The right to persist in a plea of not guilty.

5        b.   The right to a speedy and public trial by jury.

6        c.   The right to be represented by counsel -- and if

7 necessary have the Court appoint counsel -- at trial.  Defendant

8 understands, however, that, defendant retains the right to be

9 represented by counsel -- and if necessary have the Court appoint

10 counsel -- at every other stage of the proceeding.

11       d.   The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14       e.   The right to confront and cross-examine witnesses

15 against defendant.

16       f.   The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19       g.   The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22       h.   Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed.

25            ## WAIVER OF APPEAL OF CONVICTION

26    19.   Defendant understands that, with the exception of an appeal

27 based on a claim that defendant's guilty plea was involuntary, by

28 pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

20.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and] the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is

not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

22. The USAO agrees that, provided all portions of the sentence are at or above any applicable statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

2       24.   Defendant agrees that if the count of conviction is

3   vacated, reversed, or set aside, both the USAO and defendant will be

4   released from all their obligations under this agreement.

5                      EFFECTIVE DATE OF AGREEMENT

6       25.   This agreement is effective upon signature and execution of

7   all required certifications by defendant, defendant's counsel, and an

8   Assistant United States Attorney.

9                        BREACH OF AGREEMENT

10      26.   Defendant agrees that if defendant, at any time after the

11  signature of this agreement and execution of all required

12  certifications by defendant, defendant's counsel, and an Assistant

13  United States Attorney, knowingly violates or fails to perform any of

14  defendant's obligations under this agreement ("a breach"), the USAO

15  may declare this agreement breached.  All of defendant's obligations

16  are material, a single breach of this agreement is sufficient for the

17  USAO to declare a breach, and defendant shall not be deemed to have

18  cured a breach without the express agreement of the USAO in writing.

19  If the USAO declares this agreement breached, and the Court finds

20  such a breach to have occurred, then: (a) if defendant has previously

21  entered a guilty plea pursuant to this agreement, defendant will not

22  be able to withdraw the guilty plea, and (b) the USAO will be

23  relieved of all its obligations under this agreement.

24      27.   Following the Court's finding of a knowing breach of this

25  agreement by defendant, should the USAO choose to pursue any charge

26  that was either dismissed or not filed as a result of this agreement,

27  then:

28

1          a.   Defendant agrees that any applicable statute of

2    limitations is tolled between the date of defendant's signing of this

3    agreement and the filing commencing any such action.

4          b.   Defendant waives and gives up all defenses based on

5    the statute of limitations, any claim of pre-indictment delay, or any

6    speedy trial claim with respect to any such action, except to the

7    extent that such defenses existed as of the date of defendant's

8    signing this agreement.

9          c.   Defendant agrees that: (i) any statements made by

10   defendant, under oath, at the guilty plea hearing (if such a hearing

11   occurred prior to the breach); (ii) the agreed to factual basis

12   statement in this agreement; and (iii) any evidence derived from such

13   statements, shall be admissible against defendant in any such action

14   against defendant, and defendant waives and gives up any claim under

15   the United States Constitution, any statute, Rule 410 of the Federal

16   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

17   Procedure, or any other federal rule, that the statements or any

18   evidence derived from the statements should be suppressed or are

19   inadmissible.

20   <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

21   <u>OFFICE NOT PARTIES</u>

22   28.   Defendant understands that the Court and the United States

23   Probation and Pretrial Services Office are not parties to this

24   agreement and need not accept any of the USAO's sentencing

25   recommendations or the parties' agreements to facts or sentencing

26   factors.

27   29.   Defendant understands that both defendant and the USAO are

28   free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 14 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be between
any applicable statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional

15

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


SHAWN J. NELSON                          5 - 7 - 21
Assistant United States Attorney         Date


JESUS CHAIDEZ-HERNANDEZ                   6 - 1 - 21
Defendant                                Date


WARREN M ELLIS                            5 - 1 - 21
Attorney for Defendant JESUS             Date
CHAIDEZ-HERNANDEZ


### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

1   of relevant Sentencing Guidelines provisions, and of the consequences

2   of entering into this agreement.  No promises, inducements, or

3   representations of any kind have been made to me other than those

4   contained in this agreement.  No one has threatened or forced me in

5   any way to enter into this agreement.  I am satisfied with the

6   representation of my attorney in this matter, and I am pleading

7   guilty because I am guilty of the charge and wish to take advantage

8   of the promises set forth in this agreement, and not for any other

9   reason.

10

11  _____          5-01-21
    JESUS CHAIDEZ-HERNANDEZ                Date
12  Defendant

13

14

15                  CERTIFICATION OF DEFENDANT'S ATTORNEY

16       I am Jesus Chaidez-Hernandez's attorney.  I have carefully and

17  thoroughly discussed every part of this agreement with my client.

18  Further, I have fully advised my client of his rights, of possible

19  pretrial motions that might be filed, of possible defenses that might

20  be asserted either prior to or at trial, of the sentencing factors

21  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

22  provisions, and of the consequences of entering into this agreement.

23  To my knowledge: no promises, inducements, or representations of any

24  kind have been made to my client other than those contained in this

25  agreement; no one has threatened or forced my client in any way to

26  enter into this agreement; my client's decision to enter into this

27  agreement is an informed and voluntary one; and the factual basis set

28

1  forth in this agreement is sufficient to support my client's entry of

2  a guilty plea pursuant to this agreement.

3

4  WARREN M. ELLIS                                    Date
   Attorney for Defendant Jesus

5  Chaidez-Hernandez

5-1-21

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18